UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UZIEL SOLER,

                    Petitioner,

      - against -

SUSAN I. SCHULTZ, Superintendent, etc.,

                    Respondent.
-------------------------------------------------------------x

05 Cv. 1980 (CLB)

***Memorandum and Order***

Brieant, J.

      By his Petition docketed February 4, 2005 ( Doc. 2) and received at the Pro se Office of this Court on January 27, 2005 dated January 14, 2005, Mr. Uziel Soler, a State prisoner, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.

      Mr. Soler was convicted on April 9, 2001 in Rockland County Court following a jury trial of One Count of Attempted Rape in the First Degree and One Count of Falsely Reporting an Incident in the Third Degree. Petitioner was sentenced to nine years on the principal count and is currently incarcerated. The conviction was unanimously affirmed by the Appellate Division of the New York Supreme Court on June 14, 2004. *People v. Soler*, 880 3d 505 (2d Dept. 2004). Leave to appeal to the Court of Appeals was denied on September 21, 2004. *People v. Soler,* 3 N.Y. 3d 712 (2004). This Petition is timely.

      The grounds raised in this Petition are that the prosecution failed to prove guilt beyond a reasonable doubt and that the evidence was legally insufficient to sustain the conviction. Respondent concedes that these claims were exhausted on direct appeal. The District Attorney

interprets the second ground as being a claim that the verdict was against the weight of the evidence, a claim which does not arise to the level of Constitutional magnitude. More likely, it simply restates the first claim that the guilt was not proved beyond a reasonable doubt.

A Petitioner seeking to set aside a jury verdict on such a ground bears a heavy burden and the claim may not be upheld unless this Court can conclude that no reasonable juror could find guilt beyond reasonable doubt based on the evidence presented.

In order to prevail upon his Constitutional claim, the Petitioner must show that the State rulings with respect to the claim was contrary to or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States, or based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). He has failed to do so and accordingly the Petition must be dismissed.

The crime of attempted rape occurred on March 23, 2000 at approximately 6:45 p.m. at Rockland Lake State Park in Congers, Rockland County, New York. The victim was jogging in the park when Petitioner ran up behind her and tackled her to the ground. She screamed. He covered her mouth with his hand and tried to pull down her shorts as she struggled unsuccessfully to get away, scratching his face in the effort. When the victim told him that she was still bleeding from a recent pregnancy, Petitioner stopped the attempt and fled.

In a pretrial *Huntley* hearing, the County Court (Judge Resnik) held that Petitioner's

statements to Police were voluntary and denied a motion to suppress. The correctness of this decision was not challenged on direct appeal or otherwise.

A nearby homeowner heard the victim's scream and dialed the Police who arrived at the scene in minutes. During the attack, the victim had scratched Petitioner's face. Between 8:00 p.m. and 9:00 p.m. that evening, a coworker of Petitioner (Palanco) saw him in Haverstraw and observed that his clothes were dirty and his face was scratched. He was wearing the same clothing described to Police by the victim. The following day, the Petitioner made a false report to the Town of Haverstraw Police Department that he had been mugged the previous night at Bowline Park and had been scratched in the course of the mugging.

Investigator Anderson of the New York State Police investigated this report, interviewed Petitioner, concluded that Petitioner's version was unlikely, and thereafter scheduled a second meeting. During the second interview, the Petitioner conceded that he had attempted to rape the victim and signed a written statement in question and answer form. He also confided to coworkers at his place of employment that he had tried to rape a woman in Rockland Lake State Park because he was "horny." All of this evidence was developed at trial and was more than sufficient to support the jury verdict of attempted rape as well as the lesser included offense of making a false statement about having been mugged in Bowline Park. Defense presented no witnesses at trial, and was acquitted on the charge of Attempted First Degree Sexual Abuse.

The Defendant claimed that the verdict was internally repugnant. This seems to be, at

most, a State law issue and it would seem that the claim is without merit.  While the Appellate Division held that the *Jackson* claim was not preserved for Appellate review and the District Attorney now argues that it was never presented to the State Courts except as arising under State law, the Appellate Division also found that the evidence was legally sufficient to establish the Defendant's guilt beyond a reasonable doubt, pointing out that the resolution of issues of credibility as well as the weight to be accorded to the evidence presented are "primarily questions

to be determined by the trier of the fact, which saw and heard the witnesses."  Under its factual review power, the Appellate Division decided that the verdict of guilty was not against the weight of the evidence.  There is nothing in that decision which is "contrary to or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States."  Accordingly, by reason of 28 U.S.C. 2254(d), the Petition must be and it hereby is denied.

  The Clerk shall file a final judgment.  The Court declines to issue a Certificate of Appealability because the case presents no Constitutional issue worthy of Appellate review.  Petitioner may continued to proceed in *forma pauperis*.

X

          X

                   X

SO ORDERED.

Dated: White Plains, New York
September 23, 2005

*Charles Brieant*
Charles L. Brieant, U.S.D.J.